ALDEN KNISBACHER, SBN 169705
KNISBACHER LAW OFFICES
220 Montgomery Street, Suite 961
San Francisco, California  94104
Telephone:       (415) 522-5200
Facsimile:       (415) 522-5201

MICHAEL SORGEN, SBN 43107
LAW OFFICES OF MICHAEL SORGEN
240 Stockton Street, Ninth Floor
San Francisco, California 94108
Telephone:       (415)956-1360
Facsimile:       (415)956-6342

Attorneys for Plaintiff
MELISSA BRINCKERHOFF

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BRINCKERHOFF,<br>        Plaintiff,<br><br><br>        vs.<br><br>THE TOWN OF PARADISE,<br>        Defendant. | No.<br><br>COMPLAINT FOR REINSTATEMENT AND DAMAGES – EMPLOYMENT DISCRIMINATION BASED ON GENDER AND DISABILITY |

## **INTRODUCTION**

1.  Melissa Brinckerhoff, a former probationary firefighter in the Paradise Fire Department, brings this action against Defendant Town of Paradise for damages and injunctive relief including reinstatement.

**2.**  Plaintiff alleges that she was subjected to a sexually hostile work environment in which she was the only female hired as a firefighter.  She also alleges that her supervisors

subjected her to continuing discrimination, which culminated in her termination because of her gender.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 & 1345. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Defendant's unlawful conduct was committed within the jurisdiction of the Sacramento Division of the United States District Court for the Eastern District of California.

**PARTIES**

5. Ms. Brinckerhoff is a resident and citizen of Butte County. Defendant was an employer within the meaning of Title VII and FEHA at all times relevant to this action.

**FACTUAL ALLEGATIONS**

6. Ms. Brinckerhoff had decided early in life to pursue a career serving the public by helping people. She initially intended to become a police officer, and graduated from the police academy in 2001. She changed course after seeing an advertisement for volunteer firefighters. She applied and was accepted as a volunteer firefighter for the Town of Paradise in October, 2001.

7. After the ride-along, Ms. Brinckerhoff made clear her intention to become the Town's first female firefighter. The male firefighters did not take her seriously, but it soon became clear that she could surpass the physical requirements of the job. She then began to hear rumors that the Paradise Fire Department was not open to hiring women because the Chiefs did not want women and men bunking in the same firehouse during overnight shifts.

8. During the next four years, Ms. Brinckerhoff completed her undergraduate degree,

completed a Paramedic Program, worked as a firefighter for the California Department of
Forestry, and graduated from the Butte Fire Academy.

9.  Ms. Brinckerhoff maintained a rigorous training schedule to prepare for a career as a
firefighter.  In her first year at the Academy, Ms. Brinckerhoff received the highest score
ever obtained on the female agility test.

10. Ms. Brinckerhoff graduated from the fire academy in 2003, but the Paradise Fire
Department was not hiring that year.  The first opening was advertised in 2005.

11. At that time, the Town accepted the first 150 applications.  In March, 2005 Ms.
Brinckerhoff took and passed the firefighter written exam and agility test.  She received
written notification in April, 2005 that she ranked number 2 after the examination process.
She was informed that her ranking was number 5 on the written exam, but climbed to
number 2 after her performance on the agility portion of the test – meaning that she
physically out-performed almost all of the male applicants.

12. Upon information and belief, Defendant Town hired the male applicant who ranked
number 3 on the examination in 2005.  It was not until October, 2006 that Defendant
offered Ms. Brinckerhoff employment as a probationary firefighter.

13. Over the next two years, Ms. Brinckerhoff was denied the opportunity to become a
permanent firefighter, and she was ultimately terminated in October, 2008.

14. Plaintiff sues Defendant for treating her unfairly on the basis of her gender by refusing to
give her the protective gear necessary to fight fires, by denying her privacy in her bunking
arrangements where she slept and dressed in full view of male firefighters, by subjecting
her work to unfair scrutiny with the aim of terminating her employment, by ordering her
supervisors to change her performance reviews, and by firing her against the
recommendations of her direct supervisors.

Refusal to Provide Protective Gear

15. Defendant subjected Ms. Brinckerhoff to disparate treatment based on her gender by refusing to give her the protective clothing she needed to safely fight fires.  Firefighters are each issued two sets of personalized protective clothing called bunker gear, consisting of a coat, pants, boots, a helmet, and  gloves. Two sets are necessary because if protective gear becomes wet or soiled with chemicals at one fire, there is a danger of injury from steam when the same gear must be worn at another fire that day. Ms. Brinckerhoff was also only issued one set of protective gear.

16. The protective clothing must fit properly to ensure that the body is protected from injury due to smoke, water, heat, gasoline, and chemicals and to ensure the mobility needed while fighting a fire. The Town of Paradise issued and required Ms. Brinckerhoff to wear ill-fitting male firefighting clothing, although female clothing and gear were available and management officials knew of sources from which female gear could be obtained.

17. Because the protective clothing did not fit Ms. Brinckerhoff properly, she was exposed to fire and chemicals when her coat would not close properly or got ripped because it was too large.  Ms. Brinckerhoff also suffered discomfort and exposed herself to needless injury by being issued shoes that were three sizes too large.  The shoes caused her to trip repeatedly.  The Department refused to order new shoes even after a hole appeared in one of the worn-out shoes. Ms. Brinckerhoff's movements were cumbersome and restricted by pants that caused her to trip or prevented her from easily climbing ladders.  Ms. Brinckerhoff was also issued only one helmet – a structure helmet – as opposed to the structure and wild land helmets that all other male firefighters received.  The structure helmet is bulkier and heavier – but Ms. Brinckerhoff was required to wear it at all times

because she was not issued another one. The Town's failure to procure protective clothing tailored for women and its provision of only male-sized protective clothing to Ms. Brinckerhoff made her job more difficult and more hazardous than was necessary.

18. Captain Tom Drake was in charge of ordering protective clothing for firefighters. Drake told Brinckerhoff on more than one occasion that he did not want to work with a female, that he went to work "to get away from his wife and daughters," that he did not need to be around Brinckerhoff's "PMS issues." When Drake worked with Brinckerhoff he would constantly yell at and berate her in front of others – telling her she was stupid, a "retard," and, on one occasion, suggesting she stick her finger in a light socket. On the first day of her job, Drake yelled at Brinckerhoff about locks that were placed on bathroom doors, so that Ms. Brinckerhoff could shower at the firehouse, repeating, without further explanation, "This is all YOUR fault."

19. Drake refused Ms. Brinckerhoff's request to allow her to wear a jacket that was ordered for her while she was a volunteer – on the grounds that another female volunteer was assigned the jacket. Ms. Brinckerhoff saw that volunteer wear the jacket one time – and it appeared to be too small. Even though a jacket to her specifications was at the fire department, Drake required plaintiff to continue wearing a male jacket that did not fit and was broken.

20. Ms. Brinckerhoff complained to Chief Main about her clothing, but Main did not address the problem, and cautioned her against filing a safety hazard report. After five years of not having the proper protective gear, Brinckerhoff, at the suggestion of other firefighters, filled out a safety hazard report.

21. One week later, at a morning meeting attended by many members of the department, Captain Drake threw a pair of heavy duty fire boots at plaintiff from 25 feet away, saying

"Here's your boots."  The boots broke a coffee cup and hit Ms. Brinckerhoff, prompting comments like, "that's jacked up" from other employees who witnessed the episode.

Refusal to Provide Appropriate Privacy in Bunkrooms

22. Defendant subjected Ms. Brinckerhoff to disparate treatment based on her gender by not providing any privacy to her, whether by way of partitions or otherwise, in the firehouses where she slept overnight as part of her working hours.

23. Ms. Brinckerhoff was required to partially undress and dress in front of her male counterparts on many occasions when responding to an emergency call in the middle of the night.

Pretextual Work Evaluations and Termination Based on Gender.

24. Defendant engaged in a discriminatory course of conduct based on Ms. Brinckerhoff's gender, aimed at terminating her employment with the Town of Paradise, as follows:

   a. Defendant refused to allow Ms. Brinckerhoff to take her probationary examination to become a full-time firefighter even though she had worked the required 12 months as a probationary firefighter by May, 2008.  During that time she had fought wildfires and structure fires, and performed admirably.

   b. In August 2008, the Chiefs concocted a scheme to extend her probation for a second time. Chief Duncan ordered Captain Hasek to re-write an incident report regarding an August 28, 2008 structure fire, so that it was a disciplinary report put in Ms. Brinckerhoff's personnel file.  Captain Hasek had originally written a report which listed various errors that occurred at the fire scene, Chief Duncan was not satisfied with Captain Hasek's second version of the report and ordered

1    him to write a third version – which Captain Hasek refused to do.

2

3    c. Chief Haunschild then used the disciplinary report as a pretextual reason to

4       extend Ms. Brinckerhoff's probation by four months.  Upon information and

5       belief, there was only one male probationer whose probation was extended –

6       and that was for serious intentional misconduct.  After the August 28 structure

7       fire incident Chief Haunschild requested that evaluations be written about Ms.

8       Brinckerhoff's performance after every tour.

9

10   d. On December 13, 2008, Ms. Brinckerhoff was on a ride-along with Engineer

11      Webster.  When she returned to the station she was ordered, in front of a

12      roomful of firefighters to go to the police station to take a DUI test because

13      Webster claimed she was driving erratically. The breathalyzer showed a value

14      of zero, and Ms. Brinckerhoff passed the other tests administered at the police

15      station.  She was placed on administrative leave for two days. When she

16      returned to work on December 15, 2008, she filed an internal report of

17      discrimination, which was never resolved.

18

19   e. On January 9, 2009, Ms. Brinckerhoff's union representative sent an email to

20      the Town Manager and the Division Chiefs requesting that they provide

21      Brinckerhoff with the same opportunities to succeed that the Town had

22      provided male probationary firefighters.   In a memorandum dated the same

23      day, Chief Haunschild wrote a letter to Town Manager Rough recommending

24      that Ms. Brinckerhoff  be terminated from the fire department.

25

26   f. In the letter, Haunschild acknowledged that Brinckerhoff's performance during

27

28

**COMPLAINT**

- 7 -

her probationary period was good.  He used the exaggerated claims of error from the August 28 structure fire, the exaggerated claims about her driving on December 13, and common mistakes made by all firefighters e.g., "losing a chalk block." – as pretextual reasons to recommend termination of Ms. Brinckerhoff's employment.

g.  In recommending terminatino, Chief Haunschild refused to accept or record the recommendations of Ms. Brinckerhoff's supervising Captains – Hasek and Lawrie – that she be promoted to permanent status.  Haunschild ordered Hasek and Lawrie to destroy their final evaluations of Brinckerhoff, and threatened them with disciplinary action if they refused to do so.   Several days later Town Manager Rough terminated Ms. Brinckerhoff's employment.

25. Plaintiff, a female, has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of Charge No. 550-2010-00062N .  with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the FEHA pursuant to the provisions of 42 U.S.C. § 2000e-5; receipt of a Notice of Right to Sue from the EEOC with respect to said charge; and the timely filing of this action. Plaintiff has also exhausted her administrative remedies under the provisions of the FEHA, by filing timely charges with the DFEH, receiving a right to sue notice, and serving that notice on the Town of Paradise.

**FIRST CLAIM FOR RELIEF**
Hostile Work Environment Sex Discrimination in Violation of Title VII

26. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

**COMPLAINT**

27. At all times relevant to this action, the Town of Paradise was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, or was the agent of one who was engaged in an industry affecting commerce and which had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Accordingly, the Town of Paradise  is a person and an employer for purposes of Title VII.

28. Defendant, by the acts set forth above, subjected plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (42 USC §§2000E  *et seq.*), as amended.

29. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

30. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees, pursuant to 42 USC Sec. 2000e, et seq.

### SECOND CLAIM FOR RELIEF
Discrimination in Violation of Title VII

31. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

32. Defendant, by the acts set forth above, discriminated against plaintiff in the terms and conditions of her employment, and fired her, at least in part, based on unlawful considerations of her gender, in violation of Title VII of the Civil Rights Act of 1964 (42

USC §§2000E *et seq.*), as amended.

33. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

34. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees, pursuant to 42 USC Sec. 2000e, et seq.

## THIRD CLAIM FOR RELIEF
### Termination in Retaliation for Complaints of Discrimination in Violation of Title VII

35. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

36. Defendant, by firing plaintiff, retaliated against her  in violation of Title VII of the Civil Rights Act of 1964, 42 USC §§2000E *et seq.*

37. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

38. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees, pursuant to 42 USC Sec. 2000e, et seq.

## FOURTH CLAIM FOR RELIEF
### Hostile Work Environment Sex Discrimination in Violation of the California FEHA

39. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

40. Defendant, by the acts set forth above, subjected plaintiff to a hostile work environment in violation of California Government Code §12940.

41. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

42. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees pursuant to Cal. Govt. Code Sec. 12965(b).

**FIFTH CLAIM FOR RELIEF**
Discrimination in Violation of the California FEHA (gender)

43. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

44. Defendant, by the acts set forth above, discriminated against plaintiff in the terms and conditions of her employment, and fired her, at least in part, based on unlawful considerations of her gender, in violation of California Government Code §12940.

45. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

46. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees pursuant to Cal. Govt. Code Sec.

1    12965(b).

2

3                            **SIXTH CLAIM FOR RELIEF**

     Termination in Retaliation for Complaints of Discrimination in Violation of the California FEHA

4

5    47. Plaintiff adopts and incorporates the above allegations as if fully set forth herein.

6    48. Defendant, by firing plaintiff, retaliated against her  in violation of California Government

7        Code §12940.

8    49. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff

9        has suffered and continues to suffer lost pay and benefits, lost career benefits and lost

10       career opportunities, emotional distress, personal and professional humiliation, career

11       damage, as well as financial and other consequences for which plaintiff seeks full

12       damages and make whole relief.

13

14   50. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to

15       vindicate her rights, and is entitled to attorney's fees pursuant to Cal. Govt. Code Sec.

16       12965(b).

17

18

19                          **SEVENTH CLAIM FOR RELIEF**

                Failure to Prevent Discrimination in Violation of the California FEHA

20

21   51. Plaintiff re-alleges and incorporates the above allegations as if fully set forth herein.

22   52. This cause of action is brought pursuant to the California Fair Employment and Housing

23       Act, including but not limited to *Government Code* § 12940(k), and the corresponding

24       regulations of the California Department of Fair Employment and Housing.

25   53. Defendant failed to take reasonable steps necessary to prevent discrimination from

26       occurring with respect to Plaintiff.  As a result, Plaintiff continued to experience

27       discrimination, culminating in her termination of employment.

28

---

                                    **COMPLAINT**

54. Such failure by Defendant constituted unlawful employment discrimination, and was a substantial factor in causing damage and injury to Plaintiff as set forth below.

55. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to vindicate her rights, and is entitled to attorney's fees pursuant to Cal. Govt. Code Sec. 12965(b).

**EIGHTH CLAIM FOR RELIEF**
Disability Discrimination in Violation of the Americans with Disabilities Act

56. Plaintiff incorporates the above paragraphs as if fully set forth herein.

57. Plaintiff injured her back fighting a 2007 wildfire, which limited her major life activities.

58. She was off work intermittently in 2007 and in 2008.

59. While off-work she was told by various members of the Department that being off-work would affect her ability to become a permanent firefighter.

60. Two days after she returned to work, Chief Haunschild ordered Captain Hasek to rewrite his incident report of the August 28 structure fire, to make it a disciplinary report critical only of Ms. Brinckerhoff's performance.

61. Chief Haunschild then created trumped up charges against Ms. Brinckerhoff, as detailed above.

62. Chief Haunschild extended Ms. Brinckerhoff's probation because of her back problems.

63. Defendant, by the acts set forth above, discriminated against plaintiff in the terms and conditions of her employment, and fired her, at least in part, based on unlawful considerations of her back injury, or perception that she was disabled, in violation of the Americans with Disabilities Act.

64. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost

career opportunities, emotional distress, personal and professional humiliation, career

damage, as well as financial and other consequences for which plaintiff seeks full

damages and make whole relief.

65. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to

vindicate her rights, and is entitled to attorney's fees, pursuant to the Americans with

Disabiltiy Act.


**NINTH CLAIM FOR RELIEF**
Disability Discrimination in Violation of the California FEHA

66. Plaintiff incorporates the above paragraphs as if fully set forth herein.

67. Plaintiff has a history of injury to her back which limited her major life activities.

68. Defendant, by the acts set forth above, discriminated against plaintiff in the terms and

conditions of her employment, and fired her, at least in part, based on unlawful

considerations of her back injury, or perception that she was disabled, in violation of

California Government Code §12940.

69. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff

has suffered and continues to suffer lost pay and benefits, lost career benefits and lost

career opportunities, emotional distress, personal and professional humiliation, career

damage, as well as financial and other consequences for which plaintiff seeks full

damages and make whole relief.

70. As a proximate result of the above actions, Ms. Brinckerhoff has hired attorneys to

vindicate her rights, and is entitled to attorney's fees pursuant to Cal. Govt. Code Sec.

12965(b).

## TENTH CLAIM FOR RELIEF
### Wrongful Termination in Violation of Public Policy

71. Plaintiff incorporates the above paragraphs as if fully set forth herein.

72. Plaintiff has filed a claim under Government Code Section 910, et seq, which covers the allegations relative to this cause of action.  Such claim has been denied, and Ms. Brinckerhoff has timely filed suit from the denial.

73. Defendant's treatment of plaintiff as set forth above, and termination of her employment were based at least in part on the unlawful consideration of her gender and disability in violation of public policy as set forth in California Government Code §12940 , Article I Section 8 of the California Constitution.

74. Defendant's treatment of plaintiff as set forth above, and termination of her employment were based at least in part on the unlawful consideration of her filing a workers compensation claim  in violation of public policy as set forth in  §132a of the California Labor Code.

75. Defendant's treatment of plaintiff as set forth above, and termination of her employment were based at least in part on the unlawful consideration of her complaints of unsafe working conditions  in violation of public policy as set forth in 1102.5 of the California Labor Code.

76. As a direct and proximate result of defendant's actions, omissions and decisions, plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other consequences for which plaintiff seeks full damages and make whole relief.

**DAMAGES**

77. As a result of the actions of Defendant as set forth above, Ms. Brinckerhoff has been injured and has suffered damages as follows:

      a.     She has lost compensation to which she would have otherwise been entitled;

      b.     She is likely to lose compensation to which she would otherwise be entitled in the future;

      c.     She has suffered from emotional distress, embarrassment and humiliation;

      d.     Her reputation in the firefighting community has been damaged; and

      e.     Her prospects for future employment have been diminished.

WHEREFORE, plaintiff MELISSA BRINCKERHOFF requests that this Court grant her relief as follows:

      a.     Damages for lost wages, earnings, and benefits according to proof;

      b.     Interest on damages at the prevailing legal rate;

      c.     Compensatory damages;

      d.     Injunctive relief to redress the wrongs alleged herein, including but not limited to reinstatement of employment;

      e.     A declaratory judgment that the wrongs alleged herein were in violation of Title VII and the California FEHA;

      f.     Attorney's fees;

g.      Costs of suit;

h.      Such other and further relief as the Court deems proper.

Dated:  December 31, 2009

KNISBACHER LAW OFFICES

By:      //s//Alden Knisbacher
         ALDEN KNISBACHER
         Attorney for Plaintiff
         MELISSA BRINCKERHOFF

JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  December 31, 2009

KNISBACHER LAW OFFICES

By:      //s//Alden Knisbacher
         ALDEN KNISBACHER
         Attorney for Plaintiff
         MELISSA BRINCKERHOFF

COMPLAINT

- 17 -