1  ALDEN KNISBACHER, SBN 169705
   KNISBACHER LAW OFFICES
2  220 Montgomery Street, Suite 961
   San Francisco, California 94104
3
   Telephone:    (415) 522-5200
4  Facsimile:    (415) 522-5201

5  MICHAEL SORGEN, SBN 43107
   LAW OFFICES OF MICHAEL SORGEN
6  240 Stockton Street, Ninth Floor
   San Francisco, California 94108
7
   Telephone:    (415)956-1360
8  Facsimile:    (415)956-6342

9  Attorneys for Plaintiff
   MELISSA BRINCKERHOFF
10
   DOUGLAS R. THORN (CA Bar No. 133521)
11 Law Office of Douglas R. Thorn
   7601 Watson Way
12 Citrus Heights, California 95610
   Telephone – (916) 735-9910
13 Email – drthorn@surewest.net

14 Attorney for Defendant Town of Paradise

15

16                  UNTIED STATES DISTRICT COURT

17                  EASTERN DISTRICT OF CALIFORNIA

18 MELISSA BRINCKERHOFF,             Case No. 2:10−CV−00023−MCE−GGH

19           Plaintiff,              JOINT STATUS REPORT

20           v.

21 TOWN OF PARADISE,

22           Defendant.

23

24

25

26

27

28

1  a) **BRIEF SUMMARY OF THE CLAIMS**

2

3       Melissa Brinckerhoff, the Town of Paradise's first paid female firefighter,  sues the Town for

4  sexual discrimination related to the Town's termination of her employment. While she was employed by

5  the Town, Ms. Brinckerhoff was denied firefighting protective gear given the male firefighters; was

6  required to dress in front of her male counterparts when responding to fires; was harassed and ostracized

7  by her supervisors, was subjected to heightened scrutiny and differential discipline, and was held to a

8  higher standard of performance than her male peers.  Her probationary period of employment was

9  extended several times, such extension not given to male probationary employees.  Shortly after Ms.

10  Brinckerhoff filed a formal sexual discrimination complaint with the fire department the Town

11  terminated her employment on pretextual grounds.    Ms. Brinckerhoff sues for hostile environment

12  sexual discrimination under Title VII and the California Fair Employment and Housing Act, ("FEHA,")

13  for discrimination based on disability under FEHA and The Americans with Disability Act, for

14  retaliation in violation of Title VII and the FEHA, and for wrongful termination in violation of public

15  policy under California law.

16       **BRIEF SUMMARY OF DEFENSES**

17       Plaintiff was released from probation for lawful, non-discriminatory reasons.  She could not

18  perform the essential functions of her job with or without accommodation of her alleged disability, and

19  her inability to perform the essential functions of the job posed a significant risk of injury or death to

20  herself, her co-workers, and the general public.

21  b) **STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS−DEFENDANTS**

22       Defendant was served on March 3, 2010, and has not yet filed an Answer.  When we had not

23  received an Answer, we wrote defense counsel a letter informing them that we would be taking a

24  default.   Defense attorney then called, contested service, and requested a long extension of time.

25  Defense counsel later agreed that service was proper but continued to request a long extension of time

26  because of the press of business.  Plaintiff suggested an extension to May 12 for filing of an Answer, but

27  Defendant has not yet definitively responded regarding this date.

28

-1-

1
2
3
4
5
6
7
8
9
10

    Defendant's Statement.  Plaintiff apparently served Mr. Charles Rough, the Town Manager, on March 3, 2010, but Mr. Rough does not recall having ever been served.  On April 14, 2010, Plaintiff's counsel, Alan Knisbacher, wrote Mr. Rough a letter in which he demanded a response to the Complaint on or before April 24, 2010.  The matter was referred to defense counsel the following day, and counsel wrote Mr. Knisbacher and Mr. Sorgen a letter requesting a stipulation to extend the time for the Town to respond to the Complaint to June 4, 2010 because of defense counsel's extremely busy schedule.  Mr. Knisbacher and Mr. Sorgen would not stipulate to extend the response date to June 4, 2010, but graciously agreed to an extension through May 12, 2010, which is confirmed in written emails between counsel.  Defendant's counsel has been able to re-schedule several matters to meet the May 12, 2010 stipulated deadline to respond.

11

    c) **POSSIBLE JOINDER OF ADDITIONAL PARTIES**

12

Plaintiff does not anticipate joining additional parties.

13

    d) **CONTEMPLATED AMENDMENTS TO THE PLEADINGS**

14

Plaintiff does not anticipate amending the pleadings.

15

    e) **THE STATUTORY BASIS FOR JURISDICTION AND VENUE.**

16
17
18

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 & 1345. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is appropriate pursuant to 42 U.S.C. § 2000e-5(f)(3).

19
20
21
22
23
24

    Defendant's Statement.  Defendants admit that this Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States (28 U.S.C. § 1331), and that this Court has original jurisdiction over all civil actions brought under Title VII of the United States Code (42 U.S.C. § 2000e(f)(3)).  Defendants also admit that this Court may, in its discretion and pursuant to 28 U.S.C. 1367, exercise supplemental jurisdiction over state law claims that are so related to claims that are within the Court's original jurisdiction that they for a part of the same case or controversy.

25
26
27

    f) **ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY, INCLUDING:**

28

-2-

*1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule*

*26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:*

Disclosures have not been made, nor have the parties met and conferred pursuant to Rule 26(f.)  Given the extension of time given Defendant to file an Answer, plaintiff suggests May 26, 2010 for initial disclosures.

    <u>Defendants Statement</u>.    Defense counsel needs more time to investigate the allegations and prepare initial disclosures.  Defendant suggests June 18, 2010 as the date for the parties to exchange initial disclosures.

*2) the subjects on which discovery may be needed; when discovery should be completed, and whether*

*discovery should be conducted in phases;*

<u>Plaintiff's Subjects of Discovery:</u>

- Plaintiff's personnel file.

- The Defendant's policies and procedures regarding assignment of protective gear to firefighters.

- The Defendant's policies and procedures regarding integrating female employees into the Department.

- Defendant's policies and procedures regarding probationary firefighters, extensions of probation, reviews by Captains and Chiefs and promotion to permanent status.

- Personnel files of male probationary firefighters regarding discipline, extensions of probation and recommendations for promotion to permanent status, pursuant to a stipulated protective order.

- The Town's investigation into Plaintiff's complaint of discrimination.

- Plaintiff's losses as a result of Defendant's actions.

<u>Defendant's Subjects of Discovery:</u>

- All subjects on which Plaintiff seeks discovery and all allegations in Plaintiff's Complaint.

- All affirmative defenses raised by Defendants.

-3-

- Defendants contend that Plaintiff cannot meet her burden of proof to obtain an order to review other personnel files, and that the individuals should be given notice and an opportunity to be heard regarding the disclosure of their personnel files under any circumstances.  Further, Plaintiff must comply with HIPPA to obtain the medical records for any other person.

- The nature and extent of Plaintiff's physical and mental condition under F.R.C.P. 35 to the extent Plaintiff puts them in issue in the case

- Statements Plaintiff made to third parties regarding her claims and her work and working conditions.

- Given the limited time Defendant's counsel has had to look into this case, there will be other broad categories of discovery necessary to defendant he case, though it is unlikely the discovery limitations set forth in the Federal Rules of Civil procedure will need to be modified or extended.

   3) *what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;*

None.

   4) *the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)*

   Plaintiff's Proposed Dates:

   March 30, 2011.

   rebuttal experts April _____, 2011.

   April _____, 2011. expert discovery cutoff.

   Defendant's proposed Date(s)

   Expert Disclosures 60 days after the close of fact discovery – September 30, 2011

   Rebuttal Disclosures 80 days after the close of fact discovery – October 20, 2011

   Expert Discovery closed 120 – November 28, 2011

   5) *proposed dates for fact discovery cut−off.*

   Plaintiff's Proposed Date(s)

   January 31, 2011.

   Defendant's proposed Date(s)

   August 1, 2011

-4-

g) **PROPOSED DATE BY WHICH ALL NON−DISCOVERY MOTIONS SHALL BE FILED;**

Plaintiff's Proposed Date(s)

November 30, 2010; hearing on dispositive motions – February __, 2011.

Defendant's proposed Date(s)

Filed 62 days after Expert Discovery closes – January 26, 2012

Last day for hearing dispositive motions – March 16, 2012

h) **PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL;**

Plaintiff's Proposed Date(s)

April ____, 2011 and May _____, 2011.

Defendant's proposed Date(s)

59 days after last day to hear dispositive motions -- June 15, 2012

i) **ESTIMATE OF DAYS OF TRIAL, AND WHETHER ANY PARTY HAS DEMANDED A JURY;**

Two weeks.  Plaintiff and Defendant demand a jury trial.

j) **APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY THE MATTER BEFORE A MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. 636(C);**

Plaintiff has agreed to reference of this case to a magistrate.  The parties do not anticipate the need for any special procedures or a special master at this time.

k) **PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES DUE TO THE SPECIAL NATURE OF THE CASE;**

None.

l) **WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTER INVOLVING BANKRUPTCY;**

There are no related cases.

-5-

1   m) **PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT**

2      **CONFERENCE SHOULD BE SCHEDULED;**

3      Plaintiff is amenable to early settlement procedures. Defendants do not believe that settlement

4   negotiations would be productive until after Plaintiff is deposed.

5   n) **ANY OTHER MATTERS THAT MAY BE CONDUCTIVE TO THE JUST AND**

6      **EXPEDITIOUS DISPOSITION OF THE CASE, INCLUDING WHETHER COUNSEL**

7      **WILL WAIVE ANY DISQUALIFICATION AND STIPULATE TO THE TRIAL JUDGE**

8      **ACTING AS A SETTLEMENT JUDGE.**

9      The parties do not stipulate to the trial judge acting as the settlement judge.

10

11                                      KNISBACHER LAW OFFICES

12

13  Dated: April 28, 2010            By:    //s//Alden Knisbacher_____
                                            ALDEN KNISBACHER
14                                          Attorney for Plaintiff
                                            MELISSA BRINCKERHOFF
15

16

17   Date: May 3, 2010                      _/s/ Douglas R. Thorn_____
                                            Attorney for Defendant Town of Paradise
18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT