IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELISSA BRINCKERHOFF,

    Plaintiff,

    v.                                   NO. CIV. S-10-0023 MCE GGH

TOWN OF PARADISE,

    Defendants.          ORDER

_____/

        On May 12, 2011, the parties, by and through their counsel, were heard in connection with plaintiff Brinckerhoff's amended motion for discovery orders and sanctions, filed May 5, 2011. Lisa Mak appeared on behalf of plaintiff. Douglas Thorn appeared for defendant. After hearing, the court issues the following order.

DISCUSSION

        Plaintiff has filed the instant motion as a follow-up to a previous motion decided by the undersigned on November 18, 2010. Still at issue, according to plaintiff, are personnel files of other probationary firefighters. The undersigned had declined to address the previous request because it was too vague. Order, filed November 18, 2010, at 18:18-20. (Dkt. # 35.) Also at issue are requests for documents to which defendant has responded either that the Town has produced all documents, or that defendant does not know whether such documents exist. This group consists of plaintiff's performance evaluations from September 26 and December 19,

1

1  2008; shift assignment sheets and shift notes; emails to or from Chuck Rough, Town Manager;
2  documents authored by the Town Attorney.  Plaintiff seeks a formal statement explaining why
3  the documents no longer exist.  Each request will be addressed in turn.
4  <u>Request No. 90 - Personnel Files of Third Parties</u> - files of all firefighters hired in the same
5  probationary class as plaintiff.
6           Defendant shall produce personnel files for those firefighters identified by
7  plaintiff: Brian Vaniderstine, Josh Fisher, Keith Albertson, Dustin Topp, Eric Bryant, Shane
8  Hollstrom, and Sean Kelly.  Such files shall include performance evaluations, discipline and/or
9  mistakes on the job, extensions of probation, and all leave time consisting of ten days or longer at
10 a time.
11          Defendant may produce personnel files of three firefighters who were released
12 from probation based on performance issues.[1]
13          Plaintiff shall draft a protective order to cover these files according to the
14 guidelines set out at hearing.
15 <u>Request No. 31 - Plaintiff's Evaluations</u> - all documents reflecting plaintiff's performance.
16          Defendant represented at hearing that it would produce the missing page(s) from
17 plaintiff's December 19, 2008 evaluation.  <u>See</u> Knisbacher Decl., Ex. D.  Defendant shall
18 produce these page(s) within ten days of the hearing or file a declaration outlining the efforts
19 made to locate the document and why, to the best of its knowledge, it could not be located.
20          In regard to a September 26, 2008 evaluation, defendant represents that this
21 evaluation was never done and does not exist.  Defendant shall file a declaration to this effect by
22 plaintiff's supervising Captain at the time.
23 \\\\
24 \\\\

---

[1] Defendant requested that these files be included with the personnel files requested by plaintiff.

<u>Request No. 35 - Chuck Rough Correspondence</u> - All correspondence regarding plaintiff written by or to Chuck Rough, Town Manager.

      Defendant shall produce all responsive documents within ten days of the hearing, or file a declaration outlining the efforts made to locate the document and why, to the best of its knowledge, it could not be located.

<u>Request No. 91 - Shift Assignments and Shift Notes</u> - All documents reflecting plaintiff's assignments while working for the Town of Paradise.

      Defendant represents that it has already produced all requested payroll records. As the likelihood of any relevant information being uncovered is very remote, the undersigned finds that the burden of searching for shift notes far outweighs the potential relevance of these documents.  Therefore, any shift notes are not required to be produced.

<u>Documents from Town Attorney</u>

      Defendant will be taken at its word that there are no such documents. A declaration is not required to be filed for this request.

<u>Sanctions</u>

      Both parties seek sanctions under Rule 37. As this motion was merely a cleanup motion rather than a contentious discovery dispute, no sanctions will awarded.

<u>Requests Not at Issue</u>

      At the hearing, defendant raised problems with respect to new requests which were not at issue in plaintiff's motion. Defendant agreed to produce the photo attachments to emails already produced.

\\\\

\\\\

\\\\

\\\\

## CONCLUSION

Accordingly, IT IS ORDERED that: plaintiff's motion for discovery and sanctions, filed March 31, 2011, (dkt. # 41), is granted in part and denied in part for the reasons set forth above. The parties' requests for sanctions are denied.

DATED: 05/16/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076
Brinckerhoff0023.mtns.wpd