ALDEN KNISBACHER, SBN 169705
KNISBACHER LAW OFFICES
220 Montgomery Street, Suite 961
San Francisco, California 94104
Telephone: (415) 522-5200
Facsimile: (415) 522-5201
E-mail: alden@knisbacherlaw.com

MICHAEL SORGEN, SBN 43107
LISA P. MAK, SBN 260281
LAW OFFICES OF MICHAEL SORGEN
240 Stockton Street, Ninth Floor
San Francisco, California 94108
Telephone: (415) 956-1360
Facsimile: (415) 956-6342
E-mail: lmak@sorgen.net

**Attorneys for Plaintiff**
**MELISSA BRINCKERHOFF**

DOUGLAS R. THORN, SBN 133521
Law Office of Douglas R. Thorn
7601 Watson Way
Citrus Heights, California 95610
Telephone: (916) 735-9910
E-mail: drThorn@surewest.net

**Attorneys for Defendant**
**TOWN OF PARADISE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BRINCKERHOFF,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE TOWN OF PARADISE,<br>　　　　Defendant. | No. 2:10-cv-00023-MCE-GGH<br><br>**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION** |

Pursuant to the parties' agreement and Honorable Gregory G. Hollows' May 16, 2011 Order on Plaintiff's motion for discovery orders, the parties, by and through their counsel of record, hereby stipulate to the following protective order.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The period during which an individual was employed by a public agency and the individual's compensation are matters of public record and not subject to protection as a matter of law. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal except as provided in Local Rule 141, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1   Types of Information Eligible for Protection:   Any and all documents from the personnel or other files of any Town of Paradise firefighters or former firefighters produced in discovery in this action, including: Melissa Brinckerhoff, Brian Vaniderstine, Josh Fisher, Keith Albertson, Dustin Topp, Eric Bryant, Shane Hollstrom, Sean Kelly, Christopher Clow, Tim Keyes, and Michael Dietrick.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how

it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel: Counsel of Record and House Counsel (as well as their support staff), and counsel for Town of Paradise employees whose records are sought or disclosed. Currently the attorneys include Alden Knisbacher, Lisa Mak, Michael Sorgen, Douglas Thorn, Dwight Moore, and Mark Habib.

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party who has an interest in the material sought or to be disclosed under this stipulation and order.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The obligations imposed on the parties under this stipulation and order shall remain in effect until such time as all of the confidential materials have been returned to the Designating Party as provided herein.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any appeals, motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards in the Ninth Circuit. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for non-disclosure under applicable law.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) or in a manner that will permit identification of those portions of the documents designated for protection to be identified.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) as provided herein.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

1   challenge a confidentiality designation by electing not to mount a challenge promptly after the
2   original designation is disclosed.

3         6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution
4   process by providing written notice of each designation it is challenging and describing the basis
5   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
6   notice must recite that the challenge to confidentiality is being made in accordance with this
7   Protective Order. The parties shall attempt to promptly resolve each challenge in good faith and
8   must begin the process by conferring directly within 7 days of the date of service of notice. In
9   conferring, the Challenging Party must explain the basis for its belief that the confidentiality
10  designation was not proper and must give the Designating Party an opportunity to review the
11  designated material, to reconsider the circumstances, and, if no change in designation is offered,
12  to explain the basis for the chosen designation. A Challenging Party may proceed to the next
13  stage of the challenge process only if it has engaged in this meet and confer process first or
14  establishes that the Designating Party is unwilling to participate in the meet and confer process
15  in a timely manner.

16        6.3     <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court
17  intervention, the Challenging Party may file and serve a motion for an order to overrule the
18  Designating Party's designation of confidentiality Each such motion must be accompanied by a
19  competent declaration affirming that the movant has complied with the meet and confer
20  requirements imposed in the preceding paragraph and Local Rules of the Court. Failure to make
21  such a motion shall automatically waive objections to the confidentiality designation for each
22  challenged designation.. Given that the standards for designating material as confidential may be
23  difficult to apply to some material, the parties may bring a joint motion at any time before the
24  close of discovery for an order seeking guidance from the Court as to the propriety of designating
25  information as confidential. The parties shall make a good faith effort to resolve any questions
26  about the designation of material as confidential in a joint motion to expedite the resolution of the
27  question. Nothing in or about this stipulation shall affect the burden of proof and persuasion

28

applicable to any motion filed pursuant to this stipulation and the corresponding order.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel as provided in this stipulation and order and the Local Rules of the Court;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in or about this provision shall be construed as authorization for the Receiving Party to disobey a court order.

///

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.   If such efforts fail, then the Receiving Party shall seek an order from the court to compel the individual(s) who received the protected material to return the material to the Receiving Party and not disclose the content of the material to anyone except as authorized by the court in the order.  The Receiving Party shall bear the burden and expense of seeking, serving, and enforcing the order.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure  and applicable case law.. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.    MISCELLANOUS

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future and the remedies and procedures provided herein are cumulative unless another remedy would be inconsistent with the terms of this stipulation and order.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

1  Order no Party waives any right it otherwise would have to object to disclosing or producing any

2  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

3  Party waives any right to object on any ground to use in evidence of any of the material covered

4  by this Protective Order.

5        11.3     <u>Filing Protected Material.</u> Without written permission from the Designating Party

6  or a court order secured after appropriate notice to all interested persons, a Party may not file in

7  the public record in this action any Protected Material. A Party that seeks to file under seal any

8  Protected Material must comply with Local Rule 141 and any other applicable laws, rules and

9  regulations. Protected Material may only be filed under seal pursuant to a court order authorizing

10 the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order

11 will issue only upon a request establishing that the Protected Material at issue is privileged,

12 protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

13 Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the

14 court, then the Receiving Party may file the information in the public record unless otherwise

15 instructed by the court.

16       12.     <u>FINAL DISPOSITION.</u> Within 30 days after the final disposition of this action,

17 as defined in paragraph 4, each Receiving Party must return all Protected Material to the

18 Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

19 abstracts, compilations, summaries, and any other format reproducing or capturing any of the

20 Protected Material. When the Protected Material is returned to the Disclosing Party, the

21 Receiving Party must submit a written certification to the Disclosing Party (and, if not the same

22 person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category,

23 where appropriate) all the Protected Material that is being returned and (2) affirms that the

24 Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

25 format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

26 Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

27 and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

28

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION); provided, however, that upon such time as the confidential documents and information are destroyed in the ordinary course of business and record retention practices and polices applicable to the records and attorneys subject to the Order, said documents and information shall be shredded and disposed of in a manner that entirely destroys the legibility of said confidential documents and information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 20, 2011           //s// Lisa P. Mak
                              Lisa P. Mak
                              Attorney for Plaintiff
                              MELISSA BRINCKERHOFF

DATED: May 20, 2011           //s// Douglas R. Thorn
                              Douglas R. Thorn
                              Attorney for Defendant
                              TOWN OF PARADISE

**ORDER**

IT IS SO ORDERED, AS STIPULATED ABOVE.

DATED: May 27, 2011            /s/ Gregory G. Hollows
                              _____
                              HONORABLE GREGORY G. HOLLOWS
                              United States Magistrate Judge

BRINCKERHOFF V. TOWN OF PARADISE
STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order for Confidential Information that was issued by the United States District Court for the Eastern District of California on _____ [print or type date] in the case of *Melissa Brinckerhoff v. Town of Paradise*, 2:10-cv-00023-MCE-GGH.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____