UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELISSA BRINCKERHOFF,                   No. 2:10-cv-00023-MCE-GGH

    Plaintiff,

  v.                                    ORDER

TOWN OF PARADISE,

    Defendant.

----oo0oo----

Presently before the Court is Plaintiff's Ex Parte Motion to Extend Discovery Cutoff in this matter pursuant to this Court's Memorandum and Order filed July 19, 2011, which denied Plaintiff's initial extension request without prejudice to renew her application upon a more detailed showing as to why an extension is warranted given the facts of this case. The Court construes Plaintiff's present request, like its predecessor, as a a Motion to Amend the Pretrial Scheduling Order ("PTSO") pursuant to Federal Rule of Civil Procedure 16.[1]  For the following reasons, Plaintiff's Motion will be granted.

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Once a district court has filed a pretrial scheduling order pursuant to Rule 16, which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> [A] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted). "[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will not occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

1         Plaintiff deposed Fire Chief Mark Haunschild in this matter
2    on June 22, 2011, almost a month before the July 21, 2011
3    discovery deadline, stipulated to by the parties on or about
4    June 1, 2011.  After Chief Haunschild's initial deposition was
5    obtained, Plaintiff's counsel made an ex parte application to the
6    Court on July 8, 2011 to extend the discovery cutoff "because
7    Defendant has engaged in persistent discovery-related misconduct
8    that has made compliance with the discovery cutoff impossible,
9    notwithstanding Plaintiff's diligent efforts to comply."
10   Application, ECF No. 76, 2:1-3.  Plaintiff argued that, at the
11   time she filed her Application, both parties had discovery
12   motions pending before the magistrate judge and that "if [the
13   magistrate judge] issue[d] all or part of the relief that
14   Plaintiff is seeking..., Plaintiff would have only one week to
15   conduct all of the remaining discovery unless this Court extends
16   the cutoff."  Id., 5-8.
17        Although the magistrate judge noted that due to improper
18   objections as well as "coaching" by counsel, Plaintiff was not
19   given a "fair shot" to depose Chief Haunschild, and while he
20   ordered that a continued deposition take place on July 18, 2011,
21   the results of that continued deposition were obviously not
22   before this Court at the time of its July 19, 2011 Order denying
23   Plaintiff's request that discovery be extended.
24   ///
25   ///
26   ///
27   ///
28   ///

3

1        At the time of Haunschild's continued deposition on July 20,
2   2011, Plaintiff states that Haunschild identified key documents,
3   including both an official incident report, a "214" log of what
4   transpired and a dispatch tape that were not previously produced,
5   despite discovery requests that would have encompassed all three
6   items and despite defense counsel's representation that all
7   materials germane to the incident had in fact been produced.
8   Moreover, at the time defense counsel deposed Plaintiff on
9   July 20, 2011, just one day before the discovery cutoff, counsel
10  referred to statements/transcripts obtained from other
11  firefighters about Plaintiff's sexual history that would appear
12  relevant to this gender discrimination claim.  Such statements
13  were also requested by Plaintiff's discovery but not produced.
14  While defense counsel may argue that such materials are protected
15  from disclosure by the attorney work product privilege, that
16  issue is not presently before this Court.  Instead, the issue
17  that must be resolved at this point is simply whether disclosure
18  of previously undisclosed incident report materials and
19  statements/interviews, at a point in time just prior to the
20  discovery cut-off, justifies an extension of that cut-off.
21       In opposing Plaintiff's request, defense counsel's argument
22  revolves primarily on his contention that Plaintiff should have
23  been more diligent in pursuing discovery earlier.  In fact,
24  however, Chief Haunschild's initial deposition was obtained about
25  a month before the July 21, 2011 discovery cutoff, and it was
26  only because of obstructive tactics rejected by the Magistrate
27  Judge that Plaintiff learned of the existence of additional
28  materials some three days before discovery was to close.

4

1 Given those circumstances, the Court will not reject Plaintiff's
2 request to extend the discovery cutoff as either dilatory or
3 untimely.
4        Plaintiff's Ex Parte Application to Extend Discovery in
5 this matter (ECF No. 87) is accordingly GRANTED.  The deadline
6 for completing fact discovery in this case is extended from
7 July 21, 2011 to October 28, 2011.  Designation of expert
8 witnesses is extended to November 4, 2011.  Any dispositive
9 motion by Plaintiff must be filed not later than November 10,
10 2011.  Defendant's opposition and cross motion, if any shall be
11 filed by November 25, 2011.  Plaintiff's reply and opposition
12 shall be filed by December 2, 2011.  Defendant's reply shall be
13 filed by December 8, 2011.  The hearing on dispositive motions
14 shall be on December 15, 2011 at 2:00 p.m.  All other deadlines
15 contained in the Court's Pretrial Scheduling Order, including the
16 dates for the Final Pretrial Conference and Trial, shall remain
17 in effect.
18      IT IS SO ORDERED.

Dated: August 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5